UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:18 CR 10 |
| | ) | |
| JONQUEL LAWSON | ) | |

## OPINION and ORDER

This matter is before the court on defendant Jonquel Lawson's *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c) and Section 603 of the First Step Act. (DE # 34.) For the reasons that follow, the motion will be denied.

### I.   BACKGROUND

In October 2019, following his guilty plea, Lawson was sentenced to a 96-month term of imprisonment, to be followed by a two-year term of supervised release, for robbery, in violation of 18 U.S.C. § 1951, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c). (DE # 32.) Lawson is currently incarcerated at FCI Sandstone, in Sandstone, Minnesota. Lawson is 28 years old and has a projected release date of July 2, 2025. *Find an inmate*, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/inmateloc/ (last visited Feb. 2, 2021).

Lawson has filed a motion for a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (DE # 34.) Lawson claims that his incarceration places him at significant risk of contracting COVID-19. He argues that this risk constitutes an extraordinary and compelling reason justifying his early release from prison. (*Id.*)

Pursuant to this court's General Order 2020-11, the undersigned referred Lawson's

motion to the Northern District of Indiana Federal Community Defenders (FCD) to determine whether Lawson may be eligible for a reduction in sentence in accordance with Section 603 of the First Step Act. (DE # 36.) After reviewing Lawson's case, the FCD filed a notice of non-representation, stating that they would be unable to assist Lawson. (DE # 37.) The Government opposes Lawson's motion. (DE # 39.)

## II. ANALYSIS

Generally, a court is statutorily prohibited from modifying a term of imprisonment once imposed. *See* 18 U.S.C. § 3582(c). A handful of statutory exceptions exist, however, one of which allows a court to grant a convicted defendant compassionate release if the defendant meets certain requirements. *See* 18 U.S.C. § 3582(c)(1)(A). The court may grant a moving defendant's motion for compassionate release if: (1) the defendant has complied with the statute's administrative exhaustion requirement; (2) "extraordinary and compelling" reasons warrant such a reduction; (3) the court has considered the factors set forth in 18 U.S.C. § 3553(a), as applicable; and (4) the reduction is consistent with any applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A).

### 1. Exhaustion

Section 3582(c)(1)(A) requires a defendant to exhaust all remedies with the Bureau of Prisons (BOP) before moving for compassionate release. Specifically, a defendant may file a request for compassionate release with a district court "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a

motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

On July 9, 2020, Lawson applied for compassionate release with the warden of his prison. (DE # 34 at 28.) After his request was denied on July 24, 2020, (*id.* at 27), Lawson filed an administrative appeal. (*Id.* at 25.) His appeal was denied on August 11, 2020. (*Id.* at 29.) Accordingly, Lawson has satisfied § 3582(c)(1)(A)'s exhaustion requirement.

### 2.     Extraordinary and Compelling Reasons

The court is only authorized to grant Lawson's request if there exists "extraordinary and compelling reasons" justifying his early release. Congress did not define "extraordinary and compelling reasons" in § 3582(c)(1)(A), instead delegating this task to the Sentencing Commission. 28 U.S.C. § 994(t). The Sentencing Commission defines this phrase in the commentary to § 1B1.13 of the United States Sentencing Guidelines. There, the Sentencing Commission states that an extraordinary and compelling reason warranting a reduction in a term of imprisonment may exist where, as is relevant here: a defendant suffers from a serious physical or medical condition that "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover;" or there exists some other extraordinary and compelling reason justifying a reduction in the defendant's term of imprisonment. U.S.S.G. § 1B1.13 cmt. n.1.

Section 1B1.13 has not been amended to reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate

release. *United States v. Gunn*, 980 F.3d 1178, at *2 (7th Cir. 2020). Accordingly, § 1B1.13 and its application notes provide useful – but not binding – guidance to courts in determining whether a defendant has identified an extraordinary and compelling reason for compassionate release. *Id.* The court will consider defendant's motion, using § 1B1.13 and its application notes as a guide.

The spread of COVID-19 has created unprecedented challenges for the country and poses a serious issue for prisons. Due to the infectious nature of the virus, the Centers for Disease Control and Prevention (CDC) and state governments have advised individuals to practice good hygiene, social distancing, and isolation; yet, social distancing can be difficult for individuals living or working in a prison.

Lawson argues that this court should grant him compassionate release based on the existence of COVID-19 in his prison, and argues that the conditions in his prison place him at significant risk of contracting the virus. He has not identified any factor that might make him more susceptible to serious illness were he to contract the virus.

In fact, Lawson *did* contract the virus in December and was asymptomatic. (DE # 41 at 5.) He argues now that he could contract it for a second time and might not fair as well. Again, however, he has not identified any medical condition that might make him more susceptible to serious illness from the virus.

Under the circumstances, Lawson has not established an extraordinary and compelling reason warranting compassionate release. The conditions of his incarceration, in light of the COVID-19 pandemic, do not justify compassionate release.

Compassionate release is an extraordinary event. *United States v. Pena*, No. 2:15-CR-72-PPS, 2020 WL 3264113, at *1 (N.D. Ind. June 17, 2020). While the court is sympathetic to Lawson's situation and his concern about potentially becoming re-infected with COVID-19, the circumstances in this case do not amount to an extraordinary and compelling reason to justifying his early release. *See United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]"); *United States v. Melgarejo*, No. 12-cr-20050, 2020 WL 2395982, at *3 (C.D. Ill. May 12, 2020) ("[T]he mere presence of COVID-19 in a particular prison (or the BOP generally) cannot justify compassionate release - if it could, every inmate in that prison could obtain release."). Accordingly, his motion will be denied.

### III.   CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion for compassionate release under 18 U.S.C. § 3582(c) and Section 603 of the First Step Act (DE # 34).

**SO ORDERED.**

Date: February 2, 2021

                        s/James T. Moody
                        JUDGE JAMES T. MOODY
                        UNITED STATES DISTRICT COURT